Opinion filed September
29, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00239-CR 

                                                    __________

 

                                     HENNESSY
HUNT, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 142nd District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR38280

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

The
trial court convicted Hennessy Hunt of the offense of forgery by passing and
assessed punishment at 180 days in a state jail facility.  We dismiss the
appeal.  

            The
papers on file in this court indicate that appellant’s sentence was imposed on June
2, 2011, and that no motion for new trial was filed.  Appellant filed a notice
of appeal on July 15, 2011, forty-three days after the date sentence was
imposed.  On September 2, 2011, upon receiving appellant’s notice of appeal,
the docketing statement, and the trial court’s certification of the right of
appeal in this case, this court notified the parties by letter that the notice
of appeal appeared to be untimely, that this was a plea-bargain case in which
appellant has no right of appeal, and that appellant had waived his right of
appeal.  We requested that appellant respond and show grounds for continuing
this appeal.  We also informed appellant that the appeal may be dismissed for
want of jurisdiction.  

Appellant
filed a response on September 15, 2011.  In his response, appellant challenges
the indictment and the actions of his counsel as grounds for continuing the
appeal.  Appellant also asserts that the trial judge stated in open court that
appellant could appeal.  However, nowhere in his response does appellant
address the untimeliness of his notice of appeal.  

Pursuant
to Tex. R. App. P. 26.2, the
notice of appeal was due to be filed within thirty days after the date the
sentence was imposed in open court.  Appellant’s notice of appeal was not filed
until forty-three days after sentence was imposed.  Appellant did not file a
motion for extension of time as provided for in Tex. R. App. P. 26.3.  Absent a timely notice of appeal or
compliance with Rule 26.3, this court lacks jurisdiction to entertain an
appeal.  Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998); Olivo
v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996); Rodarte v. State,
860 S.W.2d 108 (Tex. Crim. App. 1993).  

Accordingly,
this appeal is dismissed for want of jurisdiction.  

 

PER CURIAM

 

September 29,
2011    

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]

 









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.